JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas Edwards

**DEFENDANTS**
Chex Systems, Inc., and X, Y, Z Corporations

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Woodbury, MN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vicki Piontek, Esq.
951 Allentown, Rd.
Lansdale, PA 19446

Attorneys *(If Known)*
Thomas F. Lucchesi, Esq - Counsel for Chex Systems, Inc.
Marshall Dennehey Warner Coleman & Goggin, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-4564

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692, et seq.
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

OCT 14 2015

DATE
10/14/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff ___ Thomas Edwards c/o Vicki Piontek, Esquire – 951 Allentown Rd., Lansdale, PA 19446 ___

Address of Defendant ___ Chex Systems, Inc. c/o Thomas F. Lucchesi, Esquire – 2000 Market Street, Ste. 2300, Philadelphia, PA 19103 ___

Place of Accident, Incident or Transaction ___ Montgomery County, Pennsylvania ___
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))     Yes ☒     No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐     No ☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____     Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐  No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐  No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
    Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*

1.  ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐ FELA
3.  ☐ Jones Act-Personal Injury
4.  ☐ Antitrust
5.  ☐ Patent
6.  ☐ Labor-Management Relations
7.  ☐ Civil Rights
8.  ☐ Habeas Corpus
9.  ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)   Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

B.  *Diversity Jurisdiction Cases*

1.  ☐ Insurance Contract and Other Contracts
2.  ☐ Airplane Personal Injury
3.  ☐ Assault, Defamation
4.  ☐ Marine Personal Injury
5.  ☐ Motor Vehicle Personal Injury
6.  ☐ Other Personal Injury (Please specify)
7.  ☐ Products Liability
8.  ☐ Products Liability – Asbestos
9.  ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE    October 14, 2015          Thomas F. Lucchesi, Esquire          313126
                                  Attorney-at-Law                      Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _____          _____          _____

**JHS** IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| THOMAS EDWARDS | : | CIVIL ACTION |
| v. | : | **15   5604** |
| | : | |
| CHEX SYSTEMS, INC., AND X, Y, Z CORPORATIONS | : NO. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                          ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                  ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                     ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.       (X)

| | | Defendant, |
|---|---|---|
| October 14, 2015 | Thomas F. Lucchesi, Esq. | Chex Systems, Inc. |
| Date | Attorney-at-law | Attorney for |

| | | tflucchesi@mdwcg.com |
|---|---|---|
| (215) 575-4564 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **THOMAS EDWARDS** | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | 15      5604 |
| **CHEX SYSTEMS, INC., AND X, Y, Z CORPORATIONS** | : **NO.** | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                                              ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
       and Human Services denying plaintiff Social Security Benefits.                                                  ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from
       exposure to asbestos.                                                                                                              ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
       commonly referred to as complex and that need special or intense management by
       the court.  (See reverse side of this form for a detailed explanation of special
       management cases.)                                                                                                               ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.          (X)

| | | Defendant, |
|---|---|---|
| October 14, 2015 | Thomas F. Lucchesi, Esq. | Chex Systems, Inc. |
| Date | Attorney-at-law | Attorney for |

| | | tflucchesi@mdwcg.com |
|---|---|---|
| (215) 575-4564 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

$4400

JHS

**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THOMAS EDWARDS,

          Plaintiff,

     vs.

CHEX SYSTEMS, INC., AND X, Y, Z
CORPORATIONS,

          Defendant.

Civil Action No.

**15    5604**

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Chex Systems, Inc. (hereafter "CHEX") by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as Thomas Edwards v. Chex Systems, Inc., and Chex X, Y, Z Corporations, as filed in the Court of Common Pleas for Montgomery County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.     On or about August 16, 2015 Plaintiff filed the Action in the Court of Common Pleas for Montgomery County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2.     Chex first received notice of the Action on September 14, 2015, when it was served with Plaintiff's Complaint.

3.     Based on the foregoing, Chex has timely filed this Notice of Removal within thirty days of being served with the Complaint and within

thirty days of the date that the Action was first removable.  See 28 U.S.C. § 1446(b).

4.    The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Chex pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that Chex violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") thereby asserting claims that arise under federal law.

5.    In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Montgomery County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.    Pursuant to 28 U.S.C. § 1446(d), Chex will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with a copy of this Notice of Removal and will file the Notice of Removal in the Montgomery County Court of Common Pleas.

**WHEREFORE**, Defendant, Chex Systems, Inc. notifies this Court that this cause is removed from the Court of Common Pleas for Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: _____

THOMAS F. LUCCHESI
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-4564 / (215) 575-0856 (f)
tflucchesi@mdwcg.com
Attorneys for Defendant
Chex Systems, Inc.

Dated: October 14, 2015

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**THOMAS EDWARDS,**

          Plaintiff,

   **vs.**

**CHEX SYSTEMS, INC., AND X, Y, Z
CORPORATIONS,**

          Defendant.

**Civil Action No.**

### CERTIFICATE OF SERVICE

I, Thomas F. Lucchesi, Esq., do hereby certify that a true and correct copy

of Defendant Chex Systems, Inc.'s **Notice of Removal** was served upon the

below-listed counsel for Plaintiff via U.S. mail on October 14, 2015:

Vicki Piontek, Esq.
951 Allentown Rd.
Lansdale, PA 19446

                **MARSHALL DENNEHEY WARNER
                COLEMAN & GOGGIN, P.C.**

By:    _____

                THOMAS F. LUCCHESI
                Attorneys for Defendant
                Chex Systems, Inc.

# EXHIBIT "A"

Case# 2015-22282-2 Docketed at Montgomery County Prothonotary on 08/16/2015 11:33 PM, Fee = $0.00

In the Court of Common Pleas
Of Montgomery County, Pennsylvania
Civil action - Law

| | | |
|---|---|---|
| Thomas Edwards | : | |
| 82 Bern Court | : | |
| Pottstown, PA  19465 | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 2015-22282 |
| Chex Systems, Inc. | : | |
| 7805 Hudson Road, Suite 100 | : | |
| Woodbury, MN, 55125 | : | Jury Trial Demanded |
| and | : | |
| X,Y,Z Corporations | : | |
| Defendant(s) | : | |

## COMPLAINT

1.   This is an action brought by a consumer for violation of alleged violations of

the Fair Credit Reporting Act (FCRA), 15 USC 1681 et. Seq.

2.   Plaintiff is Thomas Edwards, an adult individual, with a mailing address 82

Bern Court, Pottstown, PA  19465.

3.   Defendants is Chex Systems, Inc., a business entity with a place of business

located at 7805 Hudson Road, Suite 100, Woodbury, MN, 55125.

## JURISDICTION AND VENUE

4.  The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

5.  Jurisdiction and venue are proper because a substantial portion of the transactions, occurrences or omissions took place in this jurisdiction.

6.  Jurisdiction and venue are proper because Defendant regularly transacts business in this jurisdiction and avails itself of the market place in this jurisdiction.

7.  Jurisdiction and venue are proper in this jurisdiction because witnesses may be located in this jurisdiction.

8.  Jurisdiction and venue are proper in this jurisdiction because the Plaintiff resides in this jurisdiction.

**COUNT ONE:  Violation of the Fair Credit Reporting Act**
**and the Fair and Accurate Credit Transaction Act,**
**15 USC 1681 et. seq.**

9.    All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

10.   At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681a et. seq.

11.   At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

12.   At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

13.   At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report" on Plaintiff as defined by 15 USC 1681a(d) et. seq

14.   At all times mentioned in this Complaint, Defendant(s) was a "consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f) et. seq.

15.   At all times mentioned in this Complaint, Defendant(s) was a "person" as defined by 15 USC 1681a(f) et. seq.

16.   Prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's Chex Systems, Inc. consumer report.

17.   Defendant(s) did provide Plaintiff with a free annual copy of Plaintiff's consumer report.

18.  The consumer report provided to Plaintiff by Defendant(s) contained the names and addresses of certain business entities that had accessed Plaintiff's consumer report in the last 12 months.

19.  Not all of the telephone numbers for the entities that had accessed Plaintiff's consumer report were disclosed to Plaintiff on Plaintiff's consumer report.

20.  According to 15 USC 1681g(a), a CRA is required to disclose to the consumer the names of all persons or business entities that accessed the consumer's report within the last 12 months of the date of the report.

21.  In addition to the requirement to disclose the names of all persons or business entities that accessed the consumer's report, the consumer reporting agency is also required to provide the telephone number for the persons or business entities that accessed the consumer's report in the last 12 months, upon written request of the consumer to disclose such telephone number(s), pursuant to 15 USC 1681g(a)(3).

22.  A particular business entity entitled "First Niagara Bank National Association" accessed Plaintiff's Chex Systems, Inc. consumer report from Defendant(s) on or about 3/30/2015

23.  Plaintiff requested the telephone numbers First Niagara Bank National Association which had accessed Plaintiff's consumer report in the last 12 months from the date of the request(s).  See attached exhibits.

24.   Plaintiff's request(s) for the telephone numbers for First Niagara Bank National Association were in writing.  See attached exhibits.

25.   Plaintiff's requests for the telephone number for First Niagara Bank National Association are detailed in the attached exhibits.

26.   Defendant(s) received Plaintiff's written request(s) for First Niagara Bank National Association.  See attached exhibits.

27.   Defendant(s) refused to disclose to Plaintiff's the telephone numbers for First Niagara Bank National Association.  See attached exhibits.

28.   By refusing to disclose to Plaintiff's the telephone numbers for First Niagara Bank National Association Defendant(s) violated 15 USC 1681g(a)(3).

29.   It is believed and averred that Defendant(s)' failure to provide such telephone information was willful for reasons including but not limited to the following.

    a.   The number of requests for telephone numbers that Plaintiff made to Defendant.

    b.   The number of times Defendant(s) ignored Plaintiff's requests.

    c.   The number of similarly situated consumers whose rights were also violated under 15 USC 1581g in a similar manner to Plaintiff.

d. It is believed and averred that Defendant(s)' acts and omissions were caused by standard business practices antithetical to Defendant(s)' duties under 15 USC 1681g et. seq.

30. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

31. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

32. Any mistake made by Defendant(s) would have included a mistake of law.

33. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

## LIABILITY AND DAMAGES

34.   The previous paragraphs of this complaint are incorporated by reference.

35.   At all times various employees and / or agents of Defendant(s) were acting as agents of Defendant(s), and therefore Defendant(s) is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

36.   At all times various employees and / or agents of Defendant(s) were acting jointly and in concert with Defendant(s), and Defendant(s) is liable for the acts of such employees and / or agents under the theory of joint and several liability because Defendant(s) and its agents were engaged in a common business venture and were acting jointly and in concert.

37.   Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, stationary, fax, gas, mileage, etc.

38.   Plaintiff believes and avers that the violation(s) of the FCRA described in this Complaint was / were willful, as exemplified by the following.

   a.   Defendant(s)' aforementioned acts and omissions were caused by Defendant(s)' standard business practices and policies antithetical to Defendant(s) duties under 15 USC 1681e and 15 USC 1681g et. seq. to

## LIABILITY AND DAMAGES

34.   The previous paragraphs of this complaint are incorporated by reference.

35.   At all times various employees and / or agents of Defendant(s) were acting as agents of Defendant(s), and therefore Defendant(s) is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

36.   At all times various employees and / or agents of Defendant(s) were acting jointly and in concert with Defendant(s), and Defendant(s) is liable for the acts of such employees and / or agents under the theory of joint and several liability because Defendant(s) and its agents were engaged in a common business venture and were acting jointly and in concert.

37.   Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, stationary, fax, gas, mileage, etc.

38.   Plaintiff believes and avers that the violation(s) of the FCRA described in this Complaint was / were willful, as exemplified by the following.

   a.  Defendant(s)' aforementioned acts and omissions were caused by Defendant(s)' standard business practices and policies antithetical to Defendant(s) duties under 15 USC 1681e and 15 USC 1681g et. seq. to

disclose information about the telephone numbers for the entities that accessed a consumer's report.

39.    Because of the willful nature of the violations described in this Complaint, Plaintiff believes and avers Plaintiff is entitled $1,000.00 statutory damages under 15 USC 1681 et. seq. per violation, or other amount in this Honorable Court's discretion.

40.    Plaintiff suffered some distress and anger as a result of Defendant(s) law-breaking, money-making illegal conduct.

41.    The value of Plaintiff's emotional distress shall be proven at trial.

42.    Because Defendant(s) act and omissions were willful, Plaintiff believes and avers that punitive damages are warranted.

43.    Plaintiff believes and avers that punitive damages should be awarded to Plaintiff in the amount of no less than $9,000, or other amount determined by this Honorable Court.

## ATTORNEY FEES

44.     The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

45.     Plaintiff believes and avers that Plaintiff is entitled to attorney fees of $1,750.00 at a rate of $350.00 per hour, described below.

| | |
|---|---|
| a.   Consultation with Client and drafting dispute letters | 1 |
| b.   Drafting, editing, review, filing and service of complaint and related documents | 2 |
| c.   Follow up correspondence with Defense | 2 |

Total = 5                                          $1,750

46.     The above referenced attorney fees are a reasonable estimate of the hours spent to date as well as necessary follow up.

47.     Plaintiff's attorney fees continue to accrue as the case moves forward.

**OTHER RELIEF**

48.   The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

49.   Plaintiff seeks an order from this Honorable Court Directing Defendant(s) to cease reporting the disputed account.

50.   Plaintiff requests / demands a jury trial in this matter.

51.   Plaintiff believes and avers that Plaintiff should be entitled to the filing fee for prosecuting this action.

52.   Plaintiff believes and avers that Plaintiff should be entitled to administrative costs for prosecuting this action.

53.   Plaintiff requests such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of

$11,751.00 enumerated below.

$1.00 actual damages

$1,000.00 statutory damages for Count One

$1,750.00 attorney fees

$9,000.00 punitive damages

_____

$11,751


Plaintiff also seeks the filing fee and administrative costs.   Plaintiff also seeks

such other relief as this Honorable Court deems fair and just.


/s/ Vicki Piontek                           8/16/2015

_____        _____
Vicki Piontek, Esquire                   Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com

In the Court of Common Pleas
Of Montgomery County, Pennsylvania
Civil action - Law

| | | |
|---|---|---|
| Tom Edwards | : | |
| 82 Bern Court | : | |
| Pottstown, PA  19465 | : | |
| Plaintiff | : | |
| v. | : | 2014-26013 |
| Chex Systems, Inc. | : | |
| 7805 Hudson Road, Suite 100 | : | |
| Woodbury, MN, 55125 | : | |
| and | : | Jury Trial Demanded |
| X,Y,Z Corporations | : | |
| Defendant(s) | : | |

## VERIFICATION

I, Tom Edwards      , verify that the statements contained in the complaint are true and
correct to the best of my knowledge, understanding and belief.


*Tom Edwards*                    4 August '15
Tom Edwards                         Date

# EXHIBITS

Thomas C. Edwards
322 Center School Road
Perkasie, PA  18944
310█████████

Chex Systems, Inc.
Attention: Consumer Relations
7805 Hudson Road, Suite 100
Woodbury, MN 55125

Re.    Thomas C. Edwards    SSN:█████████        DOB █████████

**Request for Telephone Number of First Niagara Bank, National Association**

To Whom it May Concern:

　　Recently I received a copy of my ChexSystems  consumer report.  First Niagara Bank, National Association made an inquiry of my report.  They received my ChexSystems report on 3/30/2015.  See attached excerpt from my report showing this inquiry.

　　My consumer report does not show the telephone number for First Niagara Bank, National Association.  I would like to request the telephone numbers for First Niagara Bank, National Association

　　Enclosed please find a copy of my photo ID to prove my identity.

　　Thank you.

　　　　　　　　　　Sincerely,

　　　　　　　　　　Thomas C. Edwards   21 June, '15
　　　　　　　　　　Thomas C. Edwards    Date






ChexSystems

Woodbury, MN 55125
800.513.7125

June 9, 2015

1238
THOMAS C EDWARDS
322 CENTER SCHOOL RD
PERKASIE, PA  18944

**This report was prepared for THOMAS C EDWARDS**

Consumer ID: ████████ for THOMAS C EDWARDS
Please provide your Consumer ID number, along with your Social Security number, in any future contact with ChexSystems.

**Personal Information**
This section displays the names, date of birth and addresses associated with your ChexSystems consumer file

Date of Birth:

Names:
THOMAS C EDWARDS

THOMAS CARLETON EDWARDS

Addresses:
322 CENTER SCHOOL RD
PERKASIE, PA 18944-4017

**Reported Information**
Reported Information refers to reports of accounts that have been mishandled, reported for cause and/or outstanding debts. Reported Information is submitted directly to ChexSystems by members of our service which consists mainly of financial institutions. Our current practice is to retain this information for a period of five years.

No Information Found

**Inquiries Initiated By Consumer Action**
Inquiries Initiated By Consumer Action refers to inquiries resulting from a transaction initiated by you. These include applying for a credit card or completing an application at a financial institution. Please note that the inquiries are part of your credit history and may be included in our reports to others. These inquiries can be viewed for ninety days up to three years.

Inquirer : FIRST NIAGARA BANK, NATIONAL ASSN
            440 W LINFIELD-TRAPPE RD
            ROYERSFORD, PA 19468
            Telephone Number Not Available
Inquiry Date  03/30/2015
SSN/ID Provider : XXX-XX-████

Reply ID: 14885576-303225

000001 of 000008                    001400                    1

Consumer Relations
7805 Hudson Rd Suite 100
Woodbury, MN 55125
800.513.7125



B4914182

June 29, 2015

195
THOMAS C EDWARDS
322 CENTER SCHOOL RD
PERKASIE, PA 18944

RE:  Consumer ID ▮▮▮▮▮ for THOMAS C EDWARDS

Dear THOMAS C EDWARDS:

This letter is in response to your recent communication regarding information contained in your consumer file at
ChexSystems.

Your correspondence included a request for the telephone numbers of specific financial institutions listed on your
consumer disclosure report.  Please be informed that we are unable to provide you with the telephone number for
First Niagara Bank, National ASSN as this information has not been provided to us by the financial institution.

Enclosed is a copy of the information currently contained in your consumer file at ChexSystems.   This report is
based on the identifiers you have provided to us.

If you have any questions please visit our website at www.consumerdebit.com to review the answers to frequently
asked questions.  You may also contact us at the address or telephone number listed above in our letterhead or by
fax at 602-659-2197.

In any future contact with us, please include your Social Security number and Consumer ID.

Sincerely,

Consumer Relations
Chex Systems, Inc.



Reply ID: 14914182-303279

000001 of 000008                  000234            1

Thomas C. Edwards
322 Center School Road
Perkasie, PA 18944
310-████████

Chex Systems, Inc.
Attention: Consumer Relations
7805 Hudson Road, Suite 100
Woodbury, MN 55125

Re.   Thomas C. Edwards      SSN: ████████      DOB ████████

**Request for Telephone Number of First Niagara Bank, National Association**

To Whom it May Concern:

Recently I received a copy of my ChexSystems consumer report. First Niagara Bank, National Association made an inquiry of my report. They received my ChexSystems report on 3/30/2015. See attached excerpt from my report showing this inquiry.

My consumer report does not show the telephone number for First Niagara Bank, National Association. I would like to request the telephone numbers for First Niagara Bank, National Association

Enclosed please find a copy of my photo ID to prove my identity.

Thank you.

Sincerely,

*Thomas C. Edwards*   8/12/15
Thomas C. Edwards



Pentek Law Office
931 Allentown Road
Lansdale, PA 19446

FIRST CLASS
PARCEL

Chex Systems, Inc.
Attention: Chief Corporate Officer
7805 Hudson Road, Suite 100
Woodbury, MN 55125

U.S. POSTAGE
PAID
LANSDALE,PA
19446
AUG 28, 15
AMOUNT
$8.99
00104323-10

55125

1000

RECEIVED AUG 3 1 2015

7015 0640 0002 8080 6432

